Filed 2/10/22  P. v. Martinez CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C092554 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F01514) |
| v. | OPINION ON TRANSFER |
| ANTHONY MARTINEZ, | |
| Defendant and Appellant. | |

Defendant Anthony Martinez appeals the trial court's denial of his petition for resentencing under Penal Code[1] section 1170.95.  He contends his conviction for attempted murder should have been eligible for relief under section 1170.95.  In an unpublished opinion, we affirmed the trial court's order.  (*People v. Martinez* (July 6, 2021, C092554) [nonpub. opn.].)  The Supreme Court granted review and transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of Senate Bill No. 775.  On transfer, the People now concede, and we agree, defendant is

---

[1]     Undesignated section references are to the Penal Code.

1

eligible for resentencing on his attempted murder conviction. Accordingly, we will reverse and remand with instructions to the trial court to appoint counsel and issue an order to show cause for further proceedings under section 1170.95.

## BACKGROUND

In 2003, a jury found defendant guilty of attempted second degree murder, discharging a firearm, two counts of assault with a semiautomatic firearm, possession of stolen property, first degree robbery, and first degree burglary. The jury also found true firearm enhancement allegations. The trial court sentenced defendant to an aggregate term of 33 years eight months in state prison. Defendant appealed his conviction, which we affirmed. (*People v. Martinez* (Feb. 20, 2007, C049234) [nonpub. opn.].)

In March 2019, defendant filed a petition for writ of habeas corpus in the trial court, seeking dismissal of his attempted murder conviction pursuant to section 1170.95. The trial court ordered the writ petition be "construed as a . . . § 1170.95 petition in Case No. 03F01514 itself." The court ruled defendant was not eligible for section 1170.95 resentencing because section 1170.95 applies only to defendants convicted of murder, not attempted murder. The court, however, also found defendant may have an equal protection claim. Accordingly, the court appointed counsel and directed both parties to submit briefs addressing the equal protection claim, as well as whether defendant was eligible for relief under section 1170.95.

Following submission of the parties' briefs, the trial court denied defendant's petition. In reaching its decision, the trial court noted the Courts of Appeal were split on whether Senate Bill No. 1437 "has substantively abrogated the natural and probable consequences doctrine with respect to attempted murder." But, the weight of authority compelled the court to find that section 1170.95 relief is not available to defendants convicted of attempted murder.

## DISCUSSION

The People now concede that reversal and remand for a new hearing is appropriate. We agree.

Senate Bill No. 1437 enacted section 1170.95, which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Prior to the enactment of Senate Bill No. 775, the Courts of Appeal were split on whether Senate Bill No. 1437 applied to attempted murder as well as murder, with some courts holding that Senate Bill No. 1437 did not apply to attempted murder at all, others holding that it applied only prospectively to attempted murder, and still others holding that it applied both prospectively and retroactively to nonfinal attempted murder convictions. (See *People v. Love* (2020) 55 Cal.App.5th 273, 278-279, review granted Dec. 16, 2020, S265445 [summarizing the split of authority as of Oct. 1, 2020].)

Senate Bill No. 775 resolved this split of authority by amending Senate Bill No. 1437 to explicitly afford relief to persons convicted of attempted murder and manslaughter. Senate Bill No. 775 was passed as nonurgency legislation during the regular session and became effective on January 1, 2022. (Cal. Const., art. IV, § 8, subd. (c)(1); see also *People v. Camba* (1996) 50 Cal.App.4th 857, 862.) The statute applies to acts predating its enactment as either an ameliorative statute under *In re Estrada* (1965) 63 Cal.2d 740, 748 or a clarification of law (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243; *People v. Lee* (2018) 24 Cal.App.5th 50, 57). In either case, defendant is entitled to the benefit of the new provisions to section 1170.95.

Under subdivision (c) of section 1170.95, "[t]he court shall review the petition and

determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

## DISPOSITION

The trial court's order denying defendant's petition for resentencing under section 1170.95 is reversed. The matter is remanded with directions to issue an order to show cause and hold a hearing under section 1170.95, subsection (d).


/s/
Robie, J.


We concur:


/s/
Raye, P. J.


/s/
Duarte, J.


4